# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**LAURIE JOHNSON BROMAGEN,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　**Case No.  6:10-cv-1617-Orl-28KRS**

**COMMISSIONER OF SOCIAL SECURITY,**

        **Defendant.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT;**

This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:   PLAINTIFF'S MOTION FOR ATTORNEY FEES AND COSTS UNDER THE EQUAL ACCESS TO JUSTICE ACT [42] U.S.C. § 2412(D) (Doc. No. 16)**
>
> **FILED:     March 7, 2011**

The plaintiff seeks an award of attorney' fees and expenses pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. A final judgment reversing the decision below was entered on February 23, 2011. Doc. No. 15. An award of fees and expenses is, therefore, ripe for consideration.

Plaintiff seeks $1,877.32 in attorney's fees for 10.7 hours of work performed in 2010 and 2011 at the rate of $175.45 per hour. Her counsel submitted a time sheet showing the work performed.

Doc. No. 16-1. Defendant Commissioner of Social Security objects to the number of hours worked. Doc. No. 17.

The EAJA sets a ceiling of $125.00 on the hourly rate for which attorneys may be compensated under the statute, which courts may adjust upward based on changes in the Consumer Price Index (CPI). 28 U.S.C. § 2412(d)(2)(A). Based on the U.S. Department of Labor Bureau of Statistics, Consumer Price Index-All Urban Consumers (CPI-U), Series ID: CUUR0000SA0, *available at* http://www.bls.gov/ (Last visited March 28, 2011), the cost of living increase from March 1996 to December 2010 was 40.05%.[1] As such, hourly rate for work performed in 2010 is $175.06. Based on the CPI-U, the cost of living increase from March 1996 through February 2011 was 42%.[2] As such, the hourly rate for work performed in 2011 is $177.50. Because Plaintiff only seeks an hourly rate of $175.45 for all work performed, I recommend that the Court limit the hourly rate for work performed in 2011 to the rate requested, $175.45 per hour.

The Commissioner objects to 1.45 hours of time worked on clerical and administrative tasks, such as mailing documents and checking the file for activity. Doc. No. 17 at 5. Purely clerical or secretarial tasks should not be billed regardless of who performed them. *See Missouri v. Jenkins*, 491 U.S. 274, 288 n.10 (1989). Therefore, I recommend that the Court find that the following work is not compensable:

      11/1/10      .25 hours for "Filed complaint via fed ex, scanned to file";

---

[1] This figure is calculated by dividing the difference between the 2010 rate and the 1996 rate (218.056 - 155.7 = 62.356) by the 1996 rate (155.7), which results in a cost of living increase from 1996 to 2010 of 40.05%.

[2] This figure is calculated by dividing the difference between the February 2011 rate and the 1996 rate (221.309 - 155.7 = 62.356) by the 1996 rate (155.7), which results in a cost of living increase from 1996 to 2011 of 42%.

| | |
|---|---|
| 11/10/10 | .25 hours for "Mailed summons and complaint to defendant"; |
| 11/29/10 | .25 hours for "Checked USPS for delivery of summons; Resent to Dept of Justice and US Atty"; |
| 1/3/11 | .10 hours for "Checked USPS for delivery of summons"; |
| 1/3/11 | .10 hours for "Checked status case, no activity"; |

The Commissioner also objects to .5 hours in conversations between specially admitted counsel and local counsel. Because local counsel is required in this Court, I recommend that the Court find these hours to be compensable.

The Commissioner also argues that 1.5 hours worked in 2010 for "Researched USCD local rules and filing procedures" is excessive. This argument is well taken as 1.5 hours is an usually large amount of time for an experienced attorney with local counsel to familiarize herself with the rules of this Court. Accordingly, I recommend that the Court find that 0.50 hours is reasonable for this task.

With these reductions, the lodestar attorney's fee is as follows:

| Year | Compensable Hours | Hourly Rate | Total |
|---|---|---|---|
| 2010 | 6.50 | $175.06 | $1,137.89 |
| 2011 | 2.25 | $175.45 | $394.76 |
| **TOTAL** | | | **$1,532.65** |

Plaintiff also seeks reimbursement of the $350.00 filing fee. This is a taxable cost that is reimbursable.

Plaintiff signed a document assigning EAJA attorney's fees to her attorney. Doc. No. 16-3. The Commissioner objects to paying the fees to Plaintiff's counsel as a violation of the Anti-

-3-

Assignment Act, 31 U.S.C. § 3723. Based on this objection, the attorney's fee should be paid to Plaintiff.

Accordingly, I respectfully recommend that the Court **GRANT** the motion in part and **ORDER** the Commissioner to pay to Plaintiff $1,532.65 in attorney's fees, and $350.00 in costs.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

**DONE** and **ORDERED** in Orlando, Florida on March 28, 2011.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE